IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN BIRDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2446-SMY |
| | ) |
| GRAPHIC PACKAGING INTL., | ) |
| PHILLIP SPENCER, KEVIN SIMMONS, | ) |
| SHERRY SPEARS, and TAMMIE | ) |
| TAYLOR, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for consideration of Plaintiff Kevin Birdo's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion for Leave to File a First Amended Complaint, Motion for PACER access, and Motion for Recruitment of Counsel (Doc. 8).

Under 28 U.S.C. § 1915, an indigent party may commence an action without paying required costs and fees upon submission of an affidavit demonstrating the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Birdo's affidavit that he is indigent and cannot pay the $400.00 filing fee at this time. Birdo is currently unemployed, and his monthly expenses exceed his monthly gross. Under these circumstances, the $400.00 filing fee presents a significant hardship. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages

against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In reviewing the complaint, courts construe *pro se* claims generously and accept the factual allegations as true, liberally construing them in the plaintiff's favor. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, conclusory statements and labels are not enough; the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). In other words, the complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the Amended Complaint, Birdo claims he was discriminated and retaliated against by Defendants Graphic Packaging, Kevin Simmons, Sherry Spears, Tammie Taylor, and Phillip Spencer based on his race. He also asserts a claim for professional negligence. Specifically, Birdo alleges as follows: He is Black and trained as a gluer operator at Graphic Packaging from November 2021 to late January 2022. He did not receive the same pay rate as White workers who performed his same job duties. He complained to various employees about the pay difference, including Julie Bates and Defendants Simmons, Spears, Taylor, and Spencer. He also filed an employee grievance in January 2022. Several days after filing his grievance, he was stripped of his gluer operator trainee assignment and moved from day shift to night shift. He was retaliated against and subsequently constructively discharged for complaining about his wages.

## Discrimination under Title VII

Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). A Title VII discrimination

claim requires a showing that an adverse employment action was motivated by discriminatory animus. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). "The statute also forbids employers from retaliating against employees for complaining about prohibited discrimination." *Id.* at 917.

A plaintiff states a claim of discrimination under Title VII by asserting that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated, non-protected class member. *See Farrell v. Butler Univ.*, 421 F.3d 609, 613 (7th Cir. 2005). "For purposes of Title VII, an adverse employment action is one that affects the compensation, terms, conditions, or privileges of employment, such as hiring, firing, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Gibbs v. Gen. Motors Corp.*, 104 F. App'x 580, 583 (7th Cir. 2004) (internal quotation and citation omitted). To state a claim for retaliation under Title VII, a plaintiff must allege that (1) he engaged in statutorily protected expression; (2) he suffered an adverse action by his employer; and (3) there is a causal link between the protected expression and the adverse action. *O'Donnell v. Caine Weiner Co., LLC*, 935 F.3d 549, 553 (7th Cir. 2019).

Here, Birdo alleges that he was discriminated against because he is Black and that he suffered an adverse employment action after complaining about his treatment. Liberally construing the Amended Complaint in his favor, the Court finds that Birdo has sufficiently alleged racial discrimination and retaliation claims under Title VII against Graphic Packaging. However, a Title VII claim may only be brought against an "employer" – a term that does not include supervisors or co-workers in their individual capacities. *See Passananti v. Cook Cty.*, 689 F.3d

655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)). Therefore, Birdo's Title VII claims against the individual defendants will be dismissed.

## Professional Negligence

Birdo also attempts to assert a professional negligence claim against the defendants. A cause of action rooted in professional negligence requires the following elements: (1) the existence of a professional relationship, (2) breach of a duty arising from that relationship, (3) causation, and (4) damages. *SK Partners I, LP v. Metro Consultants, Inc.*, 944 N.E.2d 414, 416 (2011). In a professional negligence case, the relevant standard of care requires a defendant professional to act as an "ordinarily careful professional" would, meaning the professional must apply the same degree of knowledge, skill, and ability as an ordinarily careful professional would exercise in similar circumstances. *Bryant v. LaGrange Memorial Hospital*, 803 N.E.2d 76, 84 (2003). The Illinois Supreme Court has recognized such professionals as physicians, attorneys, dentists, accountants, and social workers. *Advincula v. United Blood Services*, 678 N.E.2d 1009, 1020–21 (1996) (collecting cases).

Birdo does not allege that Defendants are learned professionals or members of a skilled trade rendering services to the public. Further, there are no allegations that Birdo and the defendants were in a professional-client relationship or that there was a breach of a duty arising out of the relationship. Birdo alleges only that he was an employee of Graphic Packaging and was discriminated against by other employees of Graphic Packaging. This is insufficient to state a viable professional negligence claim; it will be dismissed.

### *Motion for PACER Access*

The Court **GRANTS** Birdo's motion for access to the District Court's electronic case filing system. To access the system, Birdo must first enroll to use CM/ECF in the Southern District of

Illinois by obtaining a personal PACER account at https://www.pacer.gov, as this District uses the NextGen version of CM/ECF. Birdo must then complete the application for "**Non-Attorney E-File Registration**" located on the Maintenance tab within his personal PACER account. Birdo is **ADVISED** that once he is registered for electronic filing, the Clerk's Office will no longer mail paper copies of documents that are filed.

### Appointment of Counsel

Birdo requests appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on her own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Birdo has not met his threshold burden of demonstrating that he attempted to recruit counsel prior to seeking the Court's assistance. Accordingly, the Motion for Recruitment of Counsel is **DENIED**.

### Conclusion

For the foregoing reasons, Plaintiff Birdo has adequately stated a claim for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1967 against Defendant Graphic Packaging, Intl. His claims against the individual Defendants are **DISMISSED with prejudice**. Birdo's claim for professional negligence is **DISMISSED without prejudice**.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2); Motion for Leave to File First Amended Complaint and Motion for Pacer Access (Doc. 8) are **GRANTED**; and Motion for Recruitment of Counsel in Doc. 8 is **DENIED.**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons) for Defendant Graphic Packaging Intl. The Clerk is further **DIRECTED** to mail these forms and copies of the Amended Complaint, and this Memorandum and Order to Defendant by certified mail.

**IT IS SO ORDERED.**

**DATED: October 5, 2023**

**STACI M. YANDLE**
**United States District Judge**